# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEFFREY MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-583 CAS |
| ) | |
| ROBERT BOSCH TOOL CORP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant Lowe's Home Center, LLC's ("Lowe's") Motion to Dismiss Count IV of Plaintiff's Amended Complaint, based on Missouri's "innocent seller" statute, § 537.762, Missouri Revised Statutes (2010). Plaintiff has not responded to the motion to dismiss and the time to do has passed, so the motion is ripe for decision. For the following reasons, the motion to dismiss will be denied.

### I. Background

Jeffrey McMahon in the plaintiff in this action, which arises out of personal injuries Mr. McMahon suffered while using an allegedly defective Rotozip RZ20 hand-held saw at his home in St. Louis County, Missouri, when its component handle detached. The saw was manufactured by defendant Robert Bosch Tool Corporation ("Bosch") and sold by defendant Lowe's. In the Amended Complaint, plaintiff asserts claims against Lowe's for strict liability–product defect in Count IV, products liability–negligence in Count V, and negligent supply of dangerous instrumentality in Count VI. In Count V, plaintiff alleges that Lowe's failed to use ordinary care to manufacture and/or design the saw, or to adequately warn of the risk of harm from its defective handle. In Count VI, plaintiff alleges that Lowe's supplied the saw for use in the regular course of

business, the saw was dangerous because of specified defects, and Lowe's knew or had information from which it should have known of the dangerous condition and risk presented by the saw and failed to warn plaintiff of it.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

**III. Discussion**

Lowe's moves the Court for an order dismissing it as a party on Count IV under Missouri's innocent seller statute, § 537.762.1, Mo. Rev. Stat. Lowe's submitted with its motion an affidavit pursuant to the innocent seller statute that states in pertinent part, "Lowe's is aware of no facts or circumstances upon which a verdict might be reached against it under Count IV of the Amended Complaint other than its purported status as an alleged seller in the stream of commerce." Affidavit of Pat Martin, Doc. 13-1, ¶ 7.

Missouri's innocent seller statute provides:

1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.

3. A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.

4. The parties shall have sixty days in which to conduct discovery on the issues raised in the motion and affidavit. The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.

5. Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections 2 and 3 of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.

3

6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.

Mo. Rev. Stat. § 537.762.

In this diversity action, the Court applies Missouri substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Under Missouri law, § 537.762 has both procedural and substantive aspects. Gramex Corp. v. Green Supply Co., 89 S.W.3d 432, 445 (Mo. 2002) (en banc). The statute's substantive aspect provides that a downstream seller–i.e., a defendant whose liability is based solely on its status as a seller in the stream of commerce–may obtain an interlocutory order of dismissal from a products liability claim if the seller can show that another defendant, including the manufacturer, is before the court and the plaintiff can obtain total recovery against that defendant. Id. at 445; § 537.762.2, Mo. Rev. Stat.; see Sappington v. Skyjack, Inc., 338 F. App'x 551, 553 (8th Cir. 2009) (unpublished per curiam). The substantive relief offered by the statute is available to a downstream seller only when the more liable defendant is both before the court and capable of satisfying the claim. § 537.762.2; see Hoffmann v. Empire Machinery & Tools Ltd., 2011 WL 3355886, at *3 (W.D. Mo. Aug. 3, 2011) (citing cases).

Lowe's attests through the Martin Affidavit that it did not design, engineer, or manufacture the saw at issue, and is aware of no facts or circumstances upon which a verdict against it might be reached, other than its status as a seller in the stream of commerce.

The Court finds that Lowe's does not meet the substantive requirement of § 537.762.1, which provides that a "defendant whose liability is based *solely* on his status as a seller in the stream of

4

commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762.1 (emphasis added). Plaintiff alleges two counts of negligence against Lowe's in addition to his strict liability claim against it. The innocent seller statute does not apply to actions against innocent sellers that include independent negligence claims. See McDonald v. Char-Broil, LLC, 2016 WL 6871275, at *2 (W.D. Mo. Nov. 21, 2016); Riffle v. Frontera Produce Ltd., 2014 WL 5810201, at *4 (W.D. Mo. Nov. 7, 2014); Hoffmann, 2011 WL 3355886, at *3; Platt v. PPG Indus., Inc., 2010 WL 3733578, at *4 (E.D. Mo. Sept. 10, 2010); Sappington v. Skyjack Inc., 2008 WL 795598, at *3 (W.D. Mo. Mar. 20, 2008), aff'd, 338 F. App'x 551. Because plaintiff alleges that Lowe's was independently negligent and is liable for more than its acts as a seller in the stream of commerce, dismissal is improper.

In addition, Lowe's does not meet the substantive requirements of § 537.762.2, which authorizes relief to an innocent seller in "any products liability claim in which another defendant, including the manufacturer, is properly before the court *and from whom total recovery may be had for plaintiff's claim*." § 537.762.2, Mo. Rev. Stat. (emphasis added); see Sappington, 338 F. App'x at 553. "An innocent seller under section 537.762 should not be dismissed unless the injured party is ensured that another defendant, who is not an innocent seller, is properly before the court and can satisfy the injured party's claim." Malone v. Schapun, Inc., 965 S.W.2d 177, 182 (Mo. Ct. App. 1997); see Dorsey v. Sekisui America Corp., 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1991).

Lowe's offers no evidence to establish, and does not even assert, that defendant Bosch is financially able to fully compensate plaintiff for his claims.

**IV. Conclusion**

For the foregoing reasons, defendant Lowe's motion to dismiss Count IV of plaintiff's Amended Complaint based on the Missouri innocent seller statute should be denied. The statute is inapplicable where, as here, the plaintiff pleads an independent claim for negligence, and Lowe's also failed to meet the statute's requirement to establish that total recovery for plaintiff's claim may be had from another party properly before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lowe's Home Centers, LLC's motion to dismiss Count IV of plaintiff's Amended Complaint is **DENIED**. [Doc. 12]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of June, 2018.