# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-583 CAS |
| ) | |
| ROBERT BOSCH TOOL CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on plaintiff Jeffrey McMahon's Second Amended Motion to Compel production of documents against defendant Robert Bosch Tool Corp. ("Bosch").[1] Defendant Bosch opposes the motion. Plaintiff did not file a reply in support and the time to do so has passed, so the motion is fully briefed. The Court normally rules on discovery motions only at its monthly discovery motion docket, but reserves the right to issue a written ruling at its discretion.

This is a products liability case in which plaintiff alleges he suffered injuries on April 28, 2016 when the handle of a RotoZip Model RZ20 hand-held saw he was using detached from the body of the saw, causing plaintiff to drop the saw while the blade was still in motion. Plaintiff asserts claims under theories of negligent and strict products liability for design defect, failure to warn, and negligent supply of a dangerous instrumentality. See Amended Complaint, Doc. 4.

Plaintiff's motion asserts that some of Bosch's responses to his Request for Production of documents served on or about October 5, 2018 are incomplete and insufficient, as its objections are improper or without merit. Plaintiff seeks to compel further responses to Requests for Production

---

[1]The Court denied without prejudice two prior motions to compel filed by plaintiff concerning the same Request for Production of Documents, for failure to comply with the good faith effort to resolve requirement of Local Rule 3.04(A). See Orders of March 1, 2019 (Doc. 42), and July 11, 2019 (Doc. 55).

Nos. 4, 10, 14, 18, 21, 26-28, 39, and 40-47. Plaintiff's motion fails to offer any information or explanation as to why the requested discovery is relevant, i.e., why it is important to the issues in this case, or why Bosch's responses are incomplete and insufficient. The motion to compel would be subject to denial on that basis alone, but because discovery has closed and the deadline for filing motions to compel has passed, the Court will address the motion's merits.

A. Legal Standard

The Court is mindful that Federal Rule of Civil Procedure 26(b), as amended December 1, 2015, imposes a proportionality requirement on the scope of discovery:

> **(1)** ***Scope in General.*** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P. "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility" but "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "The party who served the discovery must show why the information is important to the issues and the party opposing . . . must quantifiably explain the burden of providing the requested

2

information." Vallejo v. Amgen, Inc., 903 F.3d 733, 740 (8th Cir. 2018) (quoting magistrate judge's order).

B. Discussion

1. *Objections for Requests as to Confidential Proprietary Information and Trade Secrets*

Bosch states that it objected to Request Nos. 4, 10, 14, 21, 26, 27, and 46 in part because those Requests seek confidential proprietary information and trade secrets. Bosch states that after the parties agreed to a Protective Order (Doc. 30), it produced 111 pages of Confidential documents to plaintiff on January 4, 2019. Plaintiff's motion states that Bosch failed to supplement its responses following an email exchange between counsel that ended February 15, 2019, but Bosch states it produced an additional 469 pages of Confidential documents on March 4 and 5, 2019, and 54 photographs, two videos, and an eleven-page Bosch report documenting additional testing of the saw handle on June 25, 2019, in response to plaintiff's Notice of Deposition for a Peter Domeny.

Plaintiff did not reply to Bosch's representations as to production and the Court therefore accepts them as true. Consequently, the Court finds that plaintiff's motion to compel is moot with respect to documents Bosch initially withheld in response to plaintiff's Request Nos. 4, 10, 14, 21, 26, 27, and 46 on the basis that they sought confidential proprietary information and trade secrets.

2. *Objection to Definition of "the Rotozip" as Overbroad*

Bosch objects to plaintiff's definition of "the Rotozip" stated at the beginning of the Request for Production as overly broad. The Request's Preliminary Definition defines the term "the Rotozip" to mean "any Rotozip hand-held saw device, regardless of whether the device was manufactured by this Defendant, including but not limited to Rotozip model numbers RZ5, RZ10, and/or RZ20 as well as the Rotozip Revolution, Rotozip Rebel and Rotozip Solaris models as well as any other substantially similar models." (Doc. 56-2 at 1, ¶ 2.) Bosch states this objection pertains

3

to Request Nos. 4, 10, 14, 21, 26, 27, 28, 39, 40, 41, 42, 43, 44, 45, 46 and 47, and asserts that discovery should be limited to the model at issue, the RZ20.

Plaintiff has made no showing how information relating to any other saw model than the one that injured him is important to the issues in this case, i.e., is relevant. As a result, the Court agrees with Bosch that plaintiff's definition of "the Rotozip" as used in Request for Production is overbroad. The Court rules that Bosch's obligation to produce documents in response to plaintiff's Requests is limited to the saw model at issue, the RZ20, except as to Request No. 28 discussed below.

3. *Objection to Requests as Overly Broad as to Scope of Time*

Bosch asserts that every Request which is the subject of the motion to compel is overly broad as to scope of time, because plaintiff includes no time limit for the documents sought. Bosch states that only Request No. 28 includes a time limit, seeking documents with respect to "all other personal injuries claimed to have resulted over the period of 1990-present from the subject Rotozip that plaintiff was using[.]" (Doc. 56-2 at 11.) Bosch asserts that this twenty-nine year period is "grossly excessive." Bosch also asserts that Request No. 28 is overly broad because it is not limited to seeking documents involving an alleged handle detachment, as in this case.

Plaintiff's Requests that lack any time limits are overly broad with respect to the scope of time. For all of the disputed Requests, the Court rules that Bosch's obligation to produce documents is limited to the period 2000 to the present.

As to the scope of Request No. 28, Bosch must produce responsive documents for personal injuries claimed with respect to any of the specifically identified Rotozip hand-held saw models

4

listed in the Preliminary Definitions of the Request for Production, but only for claims based on a saw handle malfunctioning, or becoming loose or detached.[2]

4. *Objection to Requests as Vague, Ambiguous, and Overly Broad*

Bosch asserts that many of the subject Requests are vague and ambiguous, such that it cannot discern with confidence the documents plaintiff seeks. This objection applies to Request Nos. 4, 10, 14, 18, 21, 26, 27, 28, 39, 40, 41, 42, 45, 46 and 47. Bosch objects that Request Nos. 39, 40, 41, and 42, are vague and ambiguous because they do not define the term "catch and lock mechanism" as used therein. The Court agrees these requests are vague and ambiguous because of the lack of a definition of the term, and the motion to compel is denied as to Request Nos. 39, 40, 41, and 42.

As to the Request Nos. 4, 10, 14, 18, 21, 26, 27, 28, 45, 46 and 47, Bosch's conclusory objections do not state how each Request is vague or ambiguous. The CMO requires that all objections to written discovery "be stated with specificity, see Rules 33(b)(4), 34(b)(2)(B), Fed. R. Civ. P., and the Court will not consider general objections. For document production, an objection must state whether any responsive materials are being withheld on the basis of that objection. See Rule 34(b)(2)(C), Fed. R. Civ. P." Nor does Bosch's opposition memorandum explain how these Requests are vague or ambiguous. "A party seeking to limit discovery must establish grounds for not providing the discovery that are specific and factual; the party cannot meet its burden by making conclusory allegations[.]" Vallejo, 903 F.3d at 743. Bosch's objections based on vagueness and ambiguity are overruled.

---

[2]Bosch is not required to produce documents concerning "any other substantially similar models." (Doc. 56-2 at 1, ¶ 2.)

5. *Objection to Requests Based on Assertions of Privilege*

Bosch objected to Request Nos. 18, 21, and 28 in part based on assertions of attorney-client or work product privilege. Although the motion to compel does not specifically address the privilege assertions, the Case Management Order requires Bosch to serve upon plaintiff's counsel a privilege log pursuant to Rule 26(b)(5)(A), to be served simultaneously with the response to the discovery request, where documents are withheld based on the assertion of privilege. (Doc. 20 at 2, ¶ 4(a)(iii)). There is no indication whether Bosch withheld documents based on these objections or provided a privilege log. Bosch must comply with the CMO's requirements when asserting claims of privilege in response to written discovery requests, if it withheld documents in response to Request Nos. 18, 21, or 28 based on the asserted privileges.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel defendant Robert Bosch Tool Corp. to produce documents in response to plaintiff's Request for Production of Documents is **GRANTED in part** and **DENIED in part** as set forth above. [Doc. 56]

**IT IS FURTHER ORDERED** that defendant Robert Bosch Tool Corp. shall produce documents responsive to plaintiff's Request for Production of Documents, as limited by and set forth in this Order, by **August 28, 2019**.

**IT IS FURTHER ORDERED** that the Discovery Motion Docket hearing noticed for August 22, 2019 is vacated.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of August, 2019.