# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MCMAHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-583 CAS |
| | ) | |
| ROBERT BOSCH TOOL CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is a products liability case in which plaintiff alleges he suffered injuries on April 28, 2016 when the auxiliary handle of a RotoZip Model RZ20 hand-held saw he was using detached from the body of the saw, causing plaintiff to drop the saw while the blade was still in motion. Plaintiff asserts claims under theories of negligent and strict products liability for design defect, failure to warn, and negligent supply of a dangerous instrumentality. Amended Complaint, Doc. 4.

The case is before the Court on defendant Robert Bosch Tool Corp.'s ("Bosch") motion to clarify the Court's Order of August 14, 2019 (Doc. 74), to the extent it granted in part plaintiff's motion to compel and directed Bosch to produce documents responsive to plaintiff's Request for Production No. 28 for claims based on a saw handle malfunction or on saw handles becoming loose or detached, for saw models RZ5, RZ10, RZ20, Rotozip Revolution, Rotozip Rebel, and Rotozip Solaris.

The Court directed plaintiff to respond to the motion to clarify and "specifically address the factual contentions set forth in the numbered paragraphs in defendant's motion and, if he opposes defendant's position that discovery is properly limited to 'other incidents involving auxiliary handles of the same design at issue in this case,' fully explain the relevance of discovery concerning: (1) saw models not designed, manufactured, or distributed by defendant; (2) other kinds of handles not at

issue in this case that can be used on relevant saw models; and (3) a prior version of the auxiliary handle design that did not have a lock and pin, and instead contained a cover over the handle release button." (DTO 78) Plaintiff responded to the motion to clarify and Bosch has filed a reply. The motion will be granted in part, as follows.

A. Legal Standard

Federal Rule of Civil Procedure 26(b), as amended December 1, 2015, imposes a proportionality requirement on the scope of discovery:

> **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b)(1), Fed. R. Civ. P. "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility" but "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "The party who served the discovery must show why the information is important to the issues and the party opposing . . . must quantifiably explain the burden of providing the requested information." Vallejo v. Amgen, Inc., 903 F.3d 733, 740 (8th Cir. 2018) (quoting magistrate judge's order).

2

B. Discussion

1. *Discovery of Early Rotozip Saw Models, and Initial Design Iteration*[1]

Bosch asserts that it did not design, manufacture, or distribute the Rotozip Revolution, Rotozip Rebel, or Rotozip Solaris models (the "early Rotozips"), and therefore contends discovery concerning their handles is not relevant.

Plaintiff responds that discovery should be allowed as to the early Rotozips because they were recalled in 2002 based on 360 reports of loose or separating handles, and Bosch's expert Peter Domeny, who was Bosch's Director of Public Safety when the saw at issue was placed in the stream of commerce, testified Bosch was aware of the problems with early Rotozips and "specifically testified that Bosch relied on, analyzed and considered the failed design of the early Rotozip latching system." Pl.'s Resp. at 1. Plaintiff asserts he should be entitled to discover "exactly what [Bosch] relied in [sic] its analysis of the failed latching system in the early Rotozip models and the extent to which changes were made to address the safety issue in light of prior reported incidents." Id. at 2.

Plaintiff states that the early Rotozips were recalled because the cover over the release button located in the center of the handle would break and expose users to injury caused by inadvertent contact with the release button, causing involuntary handle detachment. Plaintiff argues that Bosch nonetheless chose to locate the release button in the same place in the current model, and he is entitled to "discover whether and to what extent [Bosch] was on notice of inadvertent contact with the release button in the early Rotozip models as well as whether and to what extent they considered

---

[1]This portion of the discussion concerns (1) saw models not designed, manufactured, or distributed by defendant; and (3) a prior version of the auxiliary handle design that did not have a lock and pin, and instead contained a cover over the handle release button. See DTO 78.

such prior incidents in electing to place the release button in a similar location in the current model." Id. at 3.

Finally, plaintiff argues that documents concerning the early Rotozips are discoverable because the salient characteristics between the prior incidents and this case are the same – involuntary handle detachment caused by inadvertent contact with the release button involving saws that physically are very similar – thereby placing Bosch on notice of a dangerous condition.

Bosch replies that plaintiff's assertions about the early Rotozips' auxiliary handle are factually inaccurate, as the design of those saws allowed a user to detach the auxiliary handle in a single action by moving a lever.[2] Bosch states that unlike the early Rotozips, the initial auxiliary handle design iteration for the RZ5, RZ10, and RZ20 models required a user to take two actions to remove the auxiliary handle – the user first lifted a door on the auxiliary handle and then depressed a latch underneath the door – and the models with this initial design were never the subject of a recall. Bosch states that the auxiliary handle at issue in this case requires a user to take two actions to remove the handle, but unlike the prior design iteration the user must first slide a lock pin and then depress a handle release button.

Bosch asserts that plaintiff has failed to explain how the prior auxiliary handle designs share the same characteristics with the design at issue in this case, such that they are pertinent to the issues here. Bosch states that while plaintiff establishes similarity of how the handle latches interact with

---

[2]Bosch states that plaintiff "seems to be mistakenly conflating the recall of the [early Rotozips] with the initial design of the RZ5, RZ10 and RZ20." Reply at 3. Bosch supports its reply with incorporated photographs and patent drawings, and an attached owner's manual for the Rotozip Rebel (Ex. A), Patent No. US 6,754,935 B2, June 29, 2004, for power tool handle with the single-action auxiliary handle latch as used in the early Rotozips (Ex. B), and Rotozip product catalogs from 2004, 2005, and 2006 (Ex. C). Plaintiff's argument does appear to confuse the design of the early Rotozips with the initial design of the RZ5, RZ10, and RZ20.

the tool to secure the handles, he does not establish similarity of the forces required to detach the auxiliary handles, in that he does not establish how inadvertently sliding the lock pin and/or depressing the handle release button on the subject design is similar to inadvertently lifting the door and depressing the latch on the prior design.

"In a products liability action, evidence of other injuries may be relevant to prove a product's lack of safety or a party's notice of defects." J.B. Hunt Transport, Inc. v. General Motors Corp., 243 F.3d 441, 445 (8th Cir. 2001) (citing Lovett v. Union Pac. R.R., 201 F.3d 1074, 1081 (8th Cir. 2000)). "However, admitting similar-incident evidence also threatens to raise extraneous controversial issues, confuse the issues, and be more prejudicial than probative." Lovett, 201 F.3d at 1081. "For these reasons, the party seeking admission of the evidence must demonstrate that the circumstances between the two incidents are substantially similar." J.B. Hunt, 243 F.3d at 445 (citing Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 508 (8th Cir.1993)). Here, plaintiff asserts that evidence of prior incidents involving saw handle detachment is relevant to prove notice on Bosch's part. To be admissible, any such incidents must be "sufficiently similar in time, place or circumstances to be probative." Thomas v. Chrysler Corp., 717 F.2d 1223, 1225 (8th Cir. 1983) (quoted case omitted).

There is a significant distinction between whether evidence of similar incidents is admissible and whether it is discoverable. The test for relevance in the context of discovery is broad, though not unlimited. See Rule 26(b)(1), Fed. R. Civ. P. ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). "For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences." Briney v. Deere & Co., 150 F.R.D. 159, 164 (S.D. Iowa 1993) (quoted case omitted).

Applying these principles to the present case, the Court concludes plaintiff is not entitled to discovery concerning the early Rotozip models. The auxiliary handle design of the early Rotozip models, which was removed with the single action of moving a lever, is so distinct in form and method of operation from the subject RZ20 that evidence of incidents involving handles becoming loose or detached on the earlier design cannot lead to the discovery of probative evidence concerning whether Bosch had notice that the auxiliary handle design at issue was defective.

Plaintiff is entitled to discovery concerning incidents involving auxiliary handles becoming loose or detached for the initial design iteration of the RZ5, RZ10, and RZ20 models. Although the handle latch mechanisms are different – the prior design required the user to lift a door while the present design requires the user to slide a lock pin – the handles interact with the tool in the same manner, and both designs incorporate two-action mechanisms that require the user, for the second action, to press a release button located in the center of the saw handle. Plaintiff's allegations concern inadvertent contact with the release button, and he is entitled to discover whether Bosch was on notice of inadvertent user contact with the similarly located release button in the initial design iteration, and whether it considered such incidents in deciding the location of the release button in the current model. Bosch's arguments against permitting this discovery place too heavy a burden on plaintiff to show substantial similarity at the discovery stage, but may be renewed at trial.

2. *Discovery Concerning Other Types of Saw Handles*[3]

Bosch states that the focus of this case is on whether the subject RZ20 saw's *auxiliary handle* detached while plaintiff was using it, but a user can operate the RZ5, RZ10, and RZ20 models with other handles that are not at issue in this case, such as the jig saw handle attachment, router handle

---

[3]This portion of the discussion concerns (2) other kinds of handles not at issue in this case that can be used on relevant saw models. See DTO 78.

6

attachment, and flexible handle. Bosch contends discovery concerning incidents involving the other handles is not relevant.

Plaintiff does not respond directly to this argument, although he was ordered to do so. Instead, plaintiff states that all current Rotozip models now use a nylon strap as opposed to the removable handle, and the fact that Bosch chose a nylon strap over a detachable handle for other saws in the Rotozip family may constitute direct evidence of an alternative safer design. Plaintiff contends he should be permitted to examine the safety of such alternative designs that were available to Bosch at the time it manufactured the RZ20 saw at issue.

Bosch replies that plaintiff makes no attempt to explain the relevance of other incidents, if any, involving jig saw handle attachments or router handle attachments becoming loose or detached, and argues plaintiff has waived his argument as to the relevance of incidents involving jig saw or router handle attachments.

The Court agrees. Plaintiff's failure to address the relevance of discovery concerning incidents involving the other types of handles after being directed to do so constitutes a waiver and Bosch will not be required to produce documents concerning them.

With respect to plaintiff's argument concerning the flexible handle, Bosch asserts that it cannot be recent evidence of an "alternative design" because the flexible handle has co-existed with other handles for the RZ5, RZ10, and RZ20 since their introduction, citing the 2004-2006 product manuals attached to its motion.[4] Bosch states that plaintiff's response fails to explain how incidents involving flexible handles malfunctioning or becoming loose or detached are probative of whether a flexible handle is an alternative design.

---

[4]The saw at issue in this case was manufactured in 2007.

The Court agrees that the flexible handle is not a potential alternative design because, as Bosch states, it has coexisted with other handles for the RZ5, RZ10, and RZ20 since their introduction. As plaintiff has failed to offer any other argument or explanation as to why discovery of incidents concerning flexible handles detaching or becoming loose is relevant to any issue in his case, Bosch will not be require to produce documents concerning flexible handles.

C. Conclusion

The Court clarifies its prior Order of August 14, 2019 as follows: In response to plaintiff's Request for Production No. 28, Bosch must produce documents for personal injuries claimed with respect to Rotozip RZ5, RZ10, and RZ20 hand-held saw models, as to both the initial iteration and current design, for claims based on the auxiliary saw handle malfunctioning, or becoming loose or detached.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert Bosch Tool Corp.'s motion to clarify the Court's Order of August 14, 2019 is **GRANTED in part** and **DENIED in part** as set forth above. [Doc. 76]

**IT IS FURTHER ORDERED** that in response to plaintiff's Request for Production No. 28, Bosch must produce documents for personal injuries claimed with respect to the Rotozip RZ5, RZ10, and RZ20 hand-held saw models, both the initial iteration and current design, for claims based on the auxiliary saw handle malfunctioning, or becoming loose or detached.

                                                                 **CHARLES A. SHAW**
                                                                  **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of August, 2019.