UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY MCMAHON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-583 CAS |
| ROBERT BOSCH TOOL CORP. and LOWE'S HOME CENTER, LLC, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a products liability case in which plaintiff Jeffrey McMahon alleges he suffered injuries on April 28, 2016 when the auxiliary handle of a RotoZip Model RZ20 hand-held saw he was using detached from the body of the saw, causing plaintiff to drop the saw while the blade was still in motion. Plaintiff asserts claims under theories of negligent and strict products liability for design defect, failure to warn, and negligent supply of a dangerous instrumentality.

The case is before the Court on plaintiff's Motion for Continuance of Trial Setting. Plaintiff's motion does not identify its procedural basis. Defendants Robert Bosch Tool Corporation ("Bosch") and Lowe's Home Centers, LLC oppose the motion. Plaintiff did not file a reply memorandum and the time to do so has passed, so the motion is ready for ruling.

**Plaintiff's Motion**

The motion seeks a continuance of the December 9, 2019 trial date on the basis that defendant Bosch produced 568 pages of new documents on September 13, 2019 in accordance with the Court's Order of August 14, 2019. Plaintiff states his expert requires time to review and comment on the newly produced documents and issue a supplemental report as necessary to

address the new information. Plaintiff seeks to "briefly continue the existing trial setting in order to permit [plaintiff's] expert to conduct the review described above and to afford Defendants ample time to respond to any such supplemental report." (Doc. 85 at 1.) Plaintiff makes a conclusory assertion he will be prejudiced if his expert is not permitted to comment on the newly discovered information but does not explain how he will suffer prejudice or indicate what his expert might say. (Id. at 2.)

Defendants object to a continuance. They argue plaintiff has not asserted the necessary good cause to continue the trial and assert no good cause exists because the request stems solely from lack of diligence by plaintiff's counsel. Defendants assert that plaintiff's request for a continuance is "nothing more than a late attempt to inject new expert opinions into the case to sway an imminent *Daubert*[1] ruling in favor of Plaintiff" by allowing a supplemental expert report. (Doc. 86 at 7.) Defendants assert they would be prejudiced by a trial continuance because if the Court allows a supplemental expert report they likely will have to "challenge whether the report actually constitutes supplementation," id., re-depose plaintiff's expert, bring a new Daubert motion, and amend their pending motion for summary judgment.

The motion for continuance will be denied because plaintiff has not shown good cause to modify the scheduling order. See Rule 16(b)(4), Federal Rules of Civil Procedure.

**Legal Standard**

The Eighth Circuit Court of Appeals recently reiterated that a party seeking to modify a scheduling order must always show good cause for the modification under Rule 16(b), and the measure of good cause is the party's diligence in attempting to meet the existing deadlines:

> Under Rule 16, a court "must issue a scheduling order" and such an order "must limit the time to . . . complete discovery[] and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). "The scheduling order may . . . modify the timing of disclosures

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

> under Rule 26(a) . . . [and] set dates for pretrial conferences and for trial[.]" Fed. R. Civ. P. 16(b)(3)(B)(i), (vi). A "district court has broad discretion in establishing and enforcing the deadlines." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006). However, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Marmo, 457 F.3d at 759. In other words, the "good-cause standard is not optional." Sherman, 532 F.3d at 716. "To establish good cause, a party must show its diligence in attempting to meet the progression order." Marmo, 457 F.3d at 759.

Petrone v. Werner Enters., Inc., No. 18-1647, 2019 WL 5075973, at *3, __ F.3d __ (8th Cir. Oct. 10, 2019) (holding district court erred in granting plaintiff leave to file a late, revised expert report where plaintiff failed to show good cause to extend the expert disclosure deadline).

Here, although plaintiff asks only for a trial continuance, the relief sought in plaintiff's motion would likely require that the applicable case management order's deadlines for Daubert motions and dispositive motions be extended in addition to the trial date. Defendants' Daubert motion to exclude plaintiff's expert Philip Buckley and motion for summary judgment are fully briefed.

**Discussion**

Because plaintiff's motion seeks to amend the scheduling order in this case, the Court must determine whether he has shown good cause to do so, i.e., whether he has been diligent in attempting to meet the scheduling order's deadlines. Rule 16(b)(4), Fed. R. Civ. P.; Marmo, 457 F.3d at 759. As discussed below, plaintiff has not been diligent.

This case was filed April 13, 2018. A case management order issued June 12, 2018 (Doc. 20) setting deadlines for the case including a discovery completion date of May 1, 2019, a requirement that motions to compel be filed no later than eleven days after the close of discovery, a May 1, 2019 deadline for Daubert motions, a July 1, 2019 deadline for dispositive motions, and a trial date of November 4, 2019.

On March 1, 2019, plaintiff filed a motion to compel defendant Bosch to provide complete answers and responses to seventeen of plaintiff's First Requests for Production served October 5, 2018 and responded to on December 18, 2018. (Doc. 40.) The Court denied the motion to compel without prejudice the same day based on plaintiff's failure to comply with Local Rule 3.04(A)'s requirement of a good-faith effort to resolve the dispute. (Doc 42.) Defendants submit the affidavit of paralegal Kolby Reeves that avers she emailed plaintiff's counsel on March 4, 5, and 8, 2019, informing plaintiff's counsel he would receive a separate email from ShareFile containing a link to documents produced by Bosch spanning Bates range BOSCH 0275-0744, and then Ms. Reeves downloaded the documents to ShareFile with access granted to plaintiff's counsel. (Docs. 86 at 2, 86-1.) In response to plaintiff's stated concern about the legibility of certain documents, defendants reproduced certain of these documents with larger font on March 28, 2019. (Docs. 86 at 2, 86-2.)

On March 20, 2019, the Court granted defendants' unopposed motion for continuance of the discovery schedule and trial setting (DTO 50.) Among other things, the motion stated that Bosch "has now produced all relevant documents that are responsive to plaintiff's Request for Production."[2] (Doc. 44 at 1.) The Court issued an amended Case Management Order that in pertinent part extended the discovery completion date to July 1, 2019, required that all motions to compel be filed no later than eleven days after the close of discovery, set a <u>Daubert</u> motion deadline of July 15, 2019 and a dispositive motion deadline of September 4, 2019, and continued the trial date approximately thirty days to December 9, 2019. (Doc. 52.)

Plaintiff filed an amended motion to compel on July 11, 2019 that was in all relevant respects identical to his initial motion to compel filed over four months earlier. (Doc. 54.) The

---

[2]In the absence of any response or opposition by plaintiff, the Court accepted as true that Bosch had fully responded to plaintiff's Request for Production.

- 4 -

Court denied the amended motion to compel the same day for plaintiff's failure to comply with Local Rule 3.04(A). (Doc. 55.) Plaintiff filed a second amended motion to compel on July 12, 2019 but waited until July 23, 2019 to notice his motion for hearing at the Court's August discovery motion docket. See Case Management Order, ¶ 4(f) (Doc. 20).

On August 14, 2019, the Court issued an order granting in part and denying in part plaintiff's motion to compel further responses to the seventeen requests for production of documents. (Doc. 74.) The Court denied seven of the requests as moot based on Bosch's unopposed assertion that it produced responsive documents on March 4, March 5, and June 25, 2019 (id. at 3), and denied four of the requests as vague and ambiguous. (Id. at 5.) For the remaining six requests, the Court found plaintiff's definition of the term "the Rotozip" as used the Requests was overbroad and limited Bosch's obligation to produce documents to the saw model at issue, the RZ20, except as to Request No. 28 which concerned "other incident" evidence. (Id. at 4.) The Court also found plaintiff's requests overly broad as they contained no time limit, and limited Bosch's production of documents to the period 2000 to the present. (Id.) Bosch moved for clarification of the August 14, 2019 Order as to the ruling on Request No. 28 and sought fourteen additional days to produce the documents. (Doc. 76.) On August 30, 2019, the Court granted the motion for clarification and additional time and further limited the "other incident" evidence Bosch was to produce in response to Request No. 28. (Doc. 81.) Bosch produced documents in accordance with the Court's orders on September 13, 2019.

Defendants' opposition notes that none of plaintiff's motions to compel argued his expert needed the information sought by the motions to support his opinions. Defendants also assert

that plaintiff was dilatory in requesting a Rule 30(b)(6) deposition of Bosch's corporate designee and in providing the matters for examination as required by the rule.[3]

The Court finds plaintiff has not met his burden to show good cause to continue the trial date to permit his expert to review the documents recently produced by Bosch, because plaintiff cannot show diligence in attempting to meet the scheduling order's requirements. As set forth above, plaintiff knew on December 18, 2018 that Bosch objected to seventeen of his requests for production but did not file a motion to compel until March 1, 2019, seventy-three days later. After the Court denied the motion for plaintiff's failure to comply with the good-faith effort to resolve requirement, plaintiff waited one hundred twenty-two days to refile the same motion on the last day he could file a motion to compel under the scheduling order, July 11, 2019.

The fact that Bosch produced additional documents on September 13, 2019, as opposed to many months earlier, is a direct result of plaintiff's unreasonable delay in pursuing a motion to compel as to his First Request for Production. When the production took place in September 2019, discovery had been closed for over two months and the deadlines for expert reports were

---

[3]Defendants state that less than two weeks before the close of discovery, plaintiff's counsel requested dates to depose a Bosch witness under Rule 30(b)(6), Fed. R. Civ. P., but did not provide topics for the witness until July 1, 2019, the last day for discovery. (Doc. 86 at 3-4.) The 30(b)(6) deposition finally took place on August 27, 2019, outside of the CMO's deadline, at which plaintiff's counsel provided the 30(b)(6) witness a binder of documents that plaintiff's counsel represented as Bosch's entire document production. (Doc. 86 at 4.) Bosch's counsel realized the binder was missing approximately 400 pages of documents and only contained documents through BOSCH 0327. (Doc. 86 at 4, citing Ex. G thereto.) During the deposition Bosch's counsel prepared "a subset of test documents that Bosch produced in March of 2019 that went through page BOSCH 744" (id.) that was used to question the witness. On September 16, 2019, approximately three weeks after the deposition, plaintiff's counsel emailed Bosch's counsel and stated he never received Bosch's production of documents spanning BOSCH 328 through BOSCH 744, asked for a copy, and also requested time for his expert to review the documents Bosch produced on September 13, 2019 in response to the Court's orders and for his expert to prepare a supplemental report. (Doc. 86 at 5 & Ex. H.) Bosch's counsel responded that they produced the specified documents at the beginning of March 2019, provided more legible copies on March 28, 2019, referenced the documents in the response to plaintiff's motion to compel on July 17, 2019, and stated that while they could send another copy, they could not agree to an expert report based on those documents as it would be untimely. (Id.) Bosch's counsel also declined to agree to an extension of time for an expert report based on the documents produced September 13, 2019, as discovery had closed. (Id.)

long past.[4] Further, as discussed above, the Court denied plaintiff's motion to compel as to eleven of the seventeen requests for production, seven of these on the basis that Bosch had produced the documents months earlier, and significantly limited the scope of Bosch's response to the remaining requests based on its asserted objections. And while plaintiff delayed in refiling his motion to compel, defendants deposed plaintiff's expert, filed a Daubert motion to exclude his testimony on July 15, 2019, and then filed a motion for summary judgment on September 4, 2019.

Because the record clearly demonstrates that plaintiff has not been diligent in attempting to meet the case management order's requirements, he has not shown good cause under Rule 16(b) to modify the order. See Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). Consequently, the Court need not address the issue of prejudice that would accrue to defendants if plaintiff's motion were granted. See id. ("In this case, however, we have no need to explore beyond the first criterion because the record clearly demonstrates that [plaintiff] made only minimal efforts to satisfy the CMO's requirements."); see also Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."). The Court in the exercise of its discretion will deny plaintiff's motion.

---

[4]Plaintiff's expert was to be made available for completion of his deposition by March 29, 2019. (Amended Case Management Order, Doc. 52.) Plaintiff's expert's deposition was completed April 22, 2019. Defendants' experts were to be disclosed and the reports required by Rule 26(a)(2) provided by May 1, 2019, and the experts made available for deposition by June 3, 2019. (Id.)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Continuance of Trial Setting is **DENIED**.  [Doc. 85]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of October, 2019.